**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Case No. 18-253 (BAH)** |
| : | |
| **MANUEL D. REYNOSO,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

**MOTION IN OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO ADMIT EVIDENCE OF OTHER CRIMES PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

NOW COMES, the Defendant, Manuel D. Reynoso, by and through his counsel, Brian K. McDaniel and the McDaniel Law Group, PLLC in opposition to the government's motion for leave to admit evidence of other crimes pursuant to Fed. R. Evid. 404(b). The requests made by the government and the authority cited by the same does not contemplate the full body of the rules and is contrary to the efficiency of this court.

**A.     BACKGROUND**

Mr. Reynoso is before the Court charged in a three-count indictment with: 1.) Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year, in violation of Title 18 U.S.C. § 922(g)(1), and 2.) two separate counts of Simple Possession of a Controlled Substance, in violation of Title 21 U.S.C. §844(a). It is alleged that, in the early morning hours of May 16, 2018, Officers Biel and Agnimel, while operating a marked police cruiser, noticed a black BMW with MD tags 5CD9987 travelling south bound on 17th Street N.W. Washington D.C. without it's lights. After conducting a stop of the vehicle, the officers

allege to have smelled an odor consistent with marijuana emanating from the vehicle and that, upon asking the occupants of the vehicle "who had been smoking marijuana?", Mr. Reynoso (the driver of the vehicle) "picked up a marijuana bud from the center console and stated "This is all we have."" At this time, the officers commanded all of the three occupants of the vehicle to alight from their seats, ostensibly so that the officers could search the vehicle for additional marijuana. Indeed the sole reason for having the occupants step out of the vehicle was to conduct a further search for marijuana. It is further alleged that, once outside the vehicle, and while standing near it's front, Mr. Reynoso took flight running south-bound on 17th street and turning on to Constitution Ave. N.W.. During the pursuit of Mr. Reynoso, it is alleged that officer Amaturo, looked into the BMW and saw "in plain view" a loaded pistol magazine in the front passenger door pocket. It is further alleged that, during the pursuit of Mr. Reynoso, Crime Scene Search Technician Zolton executed a warrantless search of the vehicle, which resulted in the recovery of a semi-automatic firearm located underneath the drivers side floor mat.

**ARGUMENT**

**I.      Rule 404(b) Evidence.**

The government should not be permitted to use the alleged Rule 404(b) evidence as "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See Fed. R. 404(b)*. The proposed evidence is not being offered by the government as proof of motive, knowledge, intent, absence of mistake, opportunity or preparation, rather it is being offered in an impermissible attempt to prove that the Defendant is of a bad character and that he acted in conformity therewith. Additionally, the permissive presentation of the

purported other crimes evidence would be unfairly prejudicial. Accordingly, the government's motion should be denied.

**Governing Legal Principles:**

The Court must engage in a multi-step process to determine whether the proffered Rule 404(b) evidence should be admitted. First, the Court must determine whether there is "sufficient evidence to support a finding by the jury that the defendant committed the similar act" – in other words, that a reasonable jury could conclude that the alleged "other acts" occurred. See *Huddleston v. United States*, 485 U.S. 681, 683, 685 (1988). Second, the Government is required to state the purpose for which it intends to introduce the Rule 404(b) evidence; the Court must then determine whether the evidence is being offered for a legitimate purpose. *See, e.g. United States v. Mitchell*, 49 F.3 769, 775 (D.C. Cir. 1995); *United States v. Merriweather*, 78 F.3d 1070, 1073 (6th Cir. 1996). Third, if the government clears both of these hurdles, the Court must determine under Rule 403, whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *Mitchell*, 49 F.3d at 775; *Merriweather*, 78 F.3d at 1073.

**Discussion:**

**A.      The Allegations Attending Defendant's Prior Criminal Contact Bear No Relationship To The Instant Charges and Should Not Be Admitted.**

The government asserts that the introduction of evidence of defendant's prior contacts and/or convictions will support some permissible employ by the jury in this matter. The government seeks to admit the facts (and potentially the underlying conviction) for an offense which took place on March 28, 2017 pursuant to Rule 404(b). On that day, Officer's of the Prince George's County Police Department who were responding to a call for service, encountered Mr. Reynoso while he was sitting in the

driver's seat of the blue BMW vehicle which is in question in the case at bar. It is alleged that, upon there approach of the vehicle, law enforcement officers smelled a "strong odor" consistent with Marijuana. Upon questioning from the officers, Mr. Reynoso acknowledged that he had a quantity of Marijuana which was in a back pack located in the BMW.  After a search of the vehicle, law enforcement recovered approximately 212 grams of Marijuana and a Black Glock 23 .40 caliber Smith and Wesson semi-automatic firearm from the center console. This prior contact does not speak to the defendant's knowledge or specific intent during the alleged events of May 16, 2018. Instead this prior activity and conviction speaks only to the defendant's alleged past behavior and the presumption that he acted in conformity with said past behavior in relation to this case. This matter bears "no relevance to any material issue in the case except [as] to show the likelihood that, having once fallen into sin a second slip is likely." *United States v. James*, 181 U.S. App. D.C. 55; 55 F.2d992, 998(1977).

Furthermore, "evidence of prior wrongful behavior is always prejudicial to a defendant. It not only risks that the jury may infer guilt simply on the basis that the accused has committed wrongful acts, but it diverts the jury's attention from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *Campbell v. United States*, 450 A.2d 428. (1982).

The Court in *Ali v. United States*, 520 A.2d 306 (1987) held that "if there is no inference of specific plan in the accused's mind which interconnects the uncharged and charged acts, then the other crimes evidence is offered for nothing other than the accused's propensity to commit a series of similar but discrete bad acts. "

This evidence, if allowed, will be highly prejudicial in nature and may cause extreme prejudice in the minds of the jurors.

Once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk. For this reason, it has long been the rule in this jurisdiction that evidence of a defendant' other crimes is presumptively inadmissible with the burden on the prosecutor to rebut this presumption. *Robinson v. United States*, 623 A.2d 1234 (U.S. 1993).

The government's mere incantation of one or more exceptions to allow for "prior acts" to be admitted, will not function by itself as the "open sesame" that allows in other crimes evidence. Instead courts must look at the evidence sought to be introduced "with a jaundiced eye. Id.

More particularly, in order for the trial court to admit other crimes evidence under one of the exceptions, (1) there must be clear and convincing evidence that the defendant committed the other offense; (2) the other crimes evidence must be directed to a genuine, material and contested issue in the case; (3) the evidence must be logically relevant to prove this issue for a reason other than its power to demonstrate criminal propensity; and (4) the evidence must be more probative than prejudicial. While decisions about the admission of other crimes evidence are committed to the sound discretion of the trial court, the court must exercise its discretion in accord with these rules, and the record must reveal a sufficient evidentiary basis for the court's decision." Id. Here the Government has failed to satisfy any of the requirements necessary to admit the other crimes evidence that they seek to introduce.

5

In the instant case, particularly given the inflammatory nature of the alleged prior bad acts, the risk of incurable error involved in admitting such evidence as conditionally relevant is too great, regardless of what a limiting instruction might state. Accordingly, the 404(b) evidence should be disallowed.

**B.      The Prior Bad Acts of the Defendant Should Not be Admitted Under Rule 403.**

It is highly likely that a jury here would give the prior incident excessive weight by concluding that Mr. Reynoso must have possessed drugs and a firearm on the date in question because he purportedly possessed them on another occasion. As such this evidence is far more prejudicial than probative and should therefore be disallowed.

**WHEREFORE**, counsel requests that this Honorable Court deny the government's Motion for Leave to Admit 404(b) evidence.

Respectfully Submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
The McDaniel Law Group, PLLC
1920 L. Street N.W.
Suite 303
Washington, D.C. 20036
Telephone (202) 331 – 0793
bkmassociates@aol.com

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26TH day of September, 2018 a copy of the foregoing Motion in Opposition to the Governments Request to Use 404(b) evidence was served upon government counsel by ECF.


/s/Brian K. McDaniel_____

Brian K. McDaniel, Esq.