**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 18-253 (BAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **MANUEL D. REYNOSO,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**GOVERNMENT'S REPLY TO THE DEFENDANT'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney of the District of Columbia, respectfully submits this reply to the defendant's Opposition to the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b).   As grounds for this reply, the United States relies on the following points and authorities, and any other points and authorities that may be cited during a hearing.

On September 26, 2018, the defendant filed an Opposition to the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) [ECF Doc. 12].   The defendant argues that the government is seeking to admit the Rule 404(b) evidence only to show the defendant's bad character and that he acted in conformity therewith.   The defendant cites case law from the District of Columbia Court of Appeals for the legal standard that this Court should apply to determine whether the other crimes evidence is admissible.   The defendant's arguments are misplaced and without merit.

The District of Columbia Court of Appeals applies a more restrictive standard governing admission of other crimes evidence than under federal law.   In Holmes v. United States, 580 A2d. 1259 (D.C. 1990), the District of Columbia Court of Appeals stated:

> [I]t is significant that the District of Columbia follows the "exclusionary" rule, under which "other crimes" evidence is presumptively inadmissible and the prosecutor has the burden of showing that the evidence falls within one or more of the recognized exceptions; we have expressly held our rule to be more restrictive than the comparatively permissive federal rule, in which such evidence is held to be admissible unless it bears solely on criminal predisposition.

Id. at 1267 (citing Thompson v. United States, 546 A.2d 414, 424 n.18 (D.C. 1988)).  The cases cited by the defendant from the District of Columbia Court of Appeals are inapplicable and state a more restrictive standard that cannot be applied in this case and in federal court.  While other crimes evidence is presumptively inadmissible in the Superior Court of the District of Columbia, under federal law Rule 404(b) is one of "inclusion rather than exclusion."  United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000).  Moreover, for Rule 404(b) evidence, "'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"  United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (quoting United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

Here, as set forth in the government's Rule 404(b) motion, we seek to admit evidence of the incident involving the defendant that occurred on March 28, 2017, in Prince George's County, Maryland, for purposes other than proving character.  As a result of that incident, the defendant was arrested and charged in the Circuit Court for Prince George's County, Maryland, State of Maryland v. Manuel DeJesus Reynoso, criminal number CT 17-1093X.  On February 22, 2018, the defendant pleaded guilty in that Maryland case to one count of Possession With Intent to Distribute Marijuana and one count of Possession of a Firearm With a Conviction of an Enumerated or Disqualifying Crime.  The defendant is pending sentencing in that case.  The government has received a transcript of the defendant's guilty plea hearing in criminal number CT

2

17-1093X and today provided a copy to defense counsel.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

_____/s/_____
Karla-Dee Clark
D.C. Bar No. 435-78
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7740
Karla-dee.clark@usdoj.gov

3