# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 18-253 |
| MANUEL D. REYNOSO, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Manuel Reynoso is charged in an indictment with unlawful possession of a firearm and ammunition by a person convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count I), and simple possession of marijuana and of n-ethylpentylone (methamphetamines), in violation of 18 U.S.C. § 844(a) (Counts II and III). These counts arise from evidence seized from a vehicle the defendant was driving in the early morning hours of May 16, 2018 and from his person following his arrest the same day. The defendant has moved to suppress all physical evidence. Def.'s Mot. and Mem. Supp. Suppression ("Def.'s Mot."), at 1, ECF No. 9. Upon consideration of the memoranda of law submitted by the government and the defendant, and the testimony presented at the suppression hearing on November 16, 2018, the Court orally denied the motion at the suppression hearing and, given the lateness of the hour when the hearing was completed, indicated that an explanation in writing of the reasons for doing would be forthcoming. *See* Rough Transcript of Hearing (Nov. 16, 2018) ("H'rg Tr. (Rough)") at 201:17–21.[1] This Memorandum and Order sets out the reasons that the defendant's motion is denied.

---

[1] All citations to the Nov. 16, 2018 hearing transcript are to a rough draft of the transcript, since no final transcript is yet available. Discrepancies in page numbers between the rough and any final transcript may exist.

**I.     BACKGROUND**

At the suppression hearing held on November 16, 2018, the government presented the testimony of two U.S. Secret Service Officers, Officer Scott Biel and Officer Michael Amaturo, who were involved in the traffic stop and subsequent search of the car driven by the defendant, respectively. Officer Biel testified that, on May 16, 2018, at approximately 1:19 a.m., while he was driving a marked patrol cruiser, he observed a black BMW traveling southbound on 17th Street NW in Washington, D.C. without its headlights on. H'rg Tr. (Rough) at 123:13–14, 125:23–126:13. Officers conducted a traffic stop of the car on 17th Street north of Constitution Avenue, *id.* at 127:18, and observed the defendant driving the car, with two passengers, one in the front seat and one in the back seat behind the front passenger, *id.* at 130:20–23, 131:23–132:5. Officer Biel explained the reason for the stop, *id.* at 132:12–17, then asked who had been smoking marijuana within the vehicle, *id.* at 133:8–9. Officer Biel testified that he asked this question because he noticed a "moderate odor" of marijuana immediately upon approaching the driver's side open window. *Id.* at 133:13–17. In response to Officer Biel's question, the defendant stated that nobody had been smoking marijuana within the vehicle. *Id.* at 133:20–21. The defendant then picked up an amount of marijuana wrapped in a $1 bill, showed it to the officer, and said "this is all we have." *Id.* at 133:21–23. In response to further questions, the defendant provided his license and the vehicle's registration, but could not provide valid proof of insurance for the vehicle. *Id.* at 134:20–135:8. The defendant told the officer that the vehicle belonged to his girlfriend, who was not present at the time of the stop. *See id.* at 135:21–24.

Officer Biel decided to search the car for additional marijuana, *see id.* at 140:1–6. Two other officers ordered the rear passenger and the front passenger out of the car, *id.* at 140:12–19, and those passengers were then detained in handcuffs, *id.* at 141:12–19. During this time,

without being asked to do so, the defendant got out of the vehicle, holding his cell phone in his hand. *Id.* at 141:2–4, 142:5–7. Multiple times, Officer Biel told the defendant to put down his cell phone, *id.* at 142:8–17, but the defendant did not comply, *id.* at 142:18–19. Instead, the defendant walked around the driver's side door towards the front of the car, then "took off at a sprint," initially running southbound on 17th Street, then turning right to go westbound on Constitution Avenue. *Id.* at 142:20–143:7. Officer Biel issued a radio alert describing the defendant and the direction he was fleeing, then returned to his cruiser to pursue the defendant. *Id.* at 143:8–13.

Meanwhile, Officer Michael Amaturo, who was patrolling in the vicinity of the traffic stop and had received a radio alert about the stop, approached the BMW. *See id.* at 175:6–177:12 (testimony of Officer Amaturo). He testified that upon his approach to the scene, he saw the front driver and passenger doors were open, as was a rear passenger door, and the two passengers from the BMW were seated outside of the vehicle. *See id.* at 177:22–178:4, 178:11–20. After confirming that none of the officers already present on the scene had conducted a plain view inspection of the vehicle, Officer Amaturo used a flashlight to see what was visible in plain view. *See id.* at 182:5–183:4. He saw a firearm magazine and cartridge in the front passenger door, which he announced over the radio to caution law enforcement agents that the defendant may be armed. *See id.* at 188:9–24; *see also id.* at 144:2–15 (testimony of Officer Biel, indicating that Officer Amaturo's announcement changed the search for the defendant from a search for a fleeing suspect to a search for a fleeing and possibly armed suspect).

The defendant was eventually arrested near the intersection of Maine Avenue and East Basin Drive SW. *See id.* at 144:20–23. A search of the defendant immediately after his arrest recovered approximately $2,684 in cash and two cell phones. *See id.* at 145:10–16; Gov't Opp'n

3

to Mot. to Suppress ("Gov't Opp'n"), at 3, ECF No. 13. The defendant was taken to temporary detention, where federal law enforcement officers more thoroughly searched his pockets and recovered an additional $205 in cash and a $1 bill folded into an envelope around a white crystalline substance. *See* H'rg Tr. (Rough) at 145:17–146:4, 149:3–18; Gov't Opp'n at 3. This substance tested positive for methamphetamines. Gov't Opp'n at 3 & n.3.

A search of the vehicle by a crime scene officer recovered (1) a Glock 27, .40-caliber semi-automatic pistol with a high-capacity magazine that contained 20 rounds of ammunition from underneath the driver's side floor mat; (2) the aforementioned magazine containing nine .40 caliber cartridges from the front passenger door pocket; (3) a "grinder" container with suspected marijuana from the center console; (4) the $1 bill wrapped around an amount of marijuana; and (5) approximately $4. *Id.* at 3; H'rg Tr. (Rough) at 146:7–16. At this point, Officer Biel completed a notice of infraction for the defendant for driving without headlights. H'rg Tr. (Rough) at 147:24–148:22.

## II.     DISCUSSION

The defendant argues that the evidence seized from the vehicle must be suppressed because the officers had neither probable cause nor reasonable suspicion to search the vehicle. Def.'s Mot. at 4–5. As support, he contends that the odor of marijuana cannot constitute probable cause to search under D.C. law, *id.* at 6, and that the tangible evidence recovered from the car was the fruit of an illegal seizure, *see id.* at 7–8. The government counters that the defendant does not own the BMW and therefore lacks standing to suppress evidence recovered from the vehicle, Gov't Opp'n at 4–5, and, in any event, that the ammunition magazine was observed in plain view, *id.* at 7–8, rendering the search valid under the automobile exception to the warrant requirement, *id.* at 5, and giving the officers probable cause to believe that evidence

4

of firearm offenses could be found in the vehicle, *id.* at 8. Further, the government contends that the officers' search of the defendant was a permissible search incident to a lawful arrest, *id.* at 9. These arguments are addressed in turn.

The Fourth Amendment prohibits law enforcement officers from conducting "unreasonable searches and seizures" and "this protection extends to a brief investigatory stop of persons or vehicles, whether or not an arrest follows." *United States v. Bailey*, 622 F.3d 1, 5 (D.C. Cir. 2010) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)); *see also Terry v. Ohio*, 392 U.S. 1, 9 (1968). Generally, "searches [and seizures] must be supported by a warrant obtainable upon a showing of probable cause." *United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005). Searches that are conducted without prior approval by a judge "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Id.* (internal quotation marks omitted). Among the exceptions implicated in this case are the automobile exception, plain view, and searches incident to a lawful arrest.

At the outset, to prevail on a motion to suppress, the defendant must first establish that he had a reasonable expectation of privacy in the area that was searched or the items that were seized. *See Rawlings v. Kentucky*, 448 U.S. 98, 106 (1980); *United States v. Sheffield*, 832 F.3d 296, 303–04 (D.C. Cir. 2016). As noted, the government argues that the defendant lacks standing to challenge the search because he has failed to offer evidence that he had a reasonable expectation of privacy in the vehicle. *See* Gov't Opp'n at 3–5 & n.4. The Court assumes, without deciding, that the defendant had a reasonable expectation of privacy in the vehicle because the outcome of the suppression motion would be the same regardless.

5

Regarding the initial traffic stop, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Mitchell*, 951 F.2d 1291, 1295 (D.C. Cir. 1991). "Even a relatively minor offense that would not of itself lead to an arrest can provide a basis for a stop." *Mitchell*, 951 F.2d at 1295 (internal alteration and quotation marks omitted). Officer Biel testified that he stopped the defendant for driving at night without any headlights, a violation of D.C. Mun. Regs. tit. 18, § 703.1. *See* H'rg Tr. (Rough) at 125:23–126:13. This violation provided objectively reasonable probable cause for the initial stop.

Once a vehicle has been lawfully detained for a traffic violation, officers may order the driver and any passengers to get out of the vehicle. *See Maryland v. Wilson*, 519 U.S. 408, 412–15 (1997); *United States v. Washington*, 559 F.3d 573, 576 (D.C. Cir. 2009). In addition, pursuant to the "automobile exception," authorities may conduct a warrantless search of a motor vehicle "[i]f a car is readily mobile and probable cause exists to believe it contains contraband." *United States v. Maynard*, 615 F.3d 544, 567 (D.C. Cir. 2010) (alteration in original) (internal quotation marks omitted). Where officers observe contraband in the passenger compartment of a car, the existence of the contraband "is a factor that strongly supports" the lawfulness of a vehicle search and all containers "that may conceal the object of the search." *Jackson*, 415 F.3d at 91–92 (internal quotation marks omitted). Here, Officer Biel had probable cause to believe that the car contained marijuana because he smelled a "moderate odor" of marijuana, H'rg Tr. (Rough) at 133:13–17, and the defendant conceded that there was at least a small amount of marijuana in the car, *id.* at 133:21–23. Before Officer Biel had the opportunity to search the car, however, the defendant took flight and a different officer discovered ammunition, a magazine

6

and cartridge, in plain view in the vehicle, providing further probable cause for a warrantless search under the automobile exception.

The defendant's contentions otherwise are unpersuasive. Contrary to the defendant's position that the odor or presence of a small amount of marijuana cannot constitute reasonable articulable suspicion of a crime under D.C. CODE § 48-921.02a, Def.'s Mot. at 6–7, this D.C. law has no impact on the authority of federal law enforcement officers, including the U.S. Secret Service Officers in this case, to enforce federal law throughout the District of Columbia, *see* D.C. COUNCIL, COMM. ON THE JUDICIARY & PUB. SAFETY, COMM. REP. ON BILL 20-409, at 6 n.33 (Jan. 15, 2014). Rather, federal courts, including the D.C. Circuit, have continued to conclude that "the smell of marijuana, in conjunction with other evidence of drug use, provide[s] probable cause to believe the vehicle contained drug contraband, which in turn support[s] a search of the car's compartments." *Sheffield*, 832 F.3d at 305.

Regarding the magazine and cartridge, the law is well established that "the presence of one weapon may justifiably arouse concern that there may be more in the vicinity." *United States v. Christian*, 187 F.3d 663, 669 (D.C. Cir. 1999). *See also United States v. Vinton*, 594 F.3d 14, 20–21 (D.C. Cir. 2010) (officer's observation of a sheathed knife in plain view on the backseat justified a search for additional weapons). Officer Amaturo, while lawfully present at the scene of a traffic stop, observed a magazine and cartridge in plain view in the pocket of the opened front passenger door of the BMW. *See Horton v. California*, 496 U.S. 128, 136–37 (1990) (discussing the elements of the plain view exception); H'rg Tr. (Rough) at 188:9–24. The fact that Officer Amaturo used a flashlight to help illuminate the pocket does not affect the conclusion that it was in plain view. *See Texas v. Brown*, 460 U.S. 730, 738–40 & n.5 (1983); *accord United States v. Dunn*, 480 U.S. 294, 305 (1987). Since the stop of the car was lawful

7

and the magazine and cartridge were permissibly discovered in plain view, the magazine and cartridge provide further probable cause for a warrantless search of the car.

Finally, although the defendant appears to request only the suppression of the tangible evidence seized from the vehicle, *see* Def.'s Mot. at 1, 8, to the extent he also seeks to suppress the tangible evidence seized from his person upon arrest, that request is denied. Following a lawful traffic stop, during which the defendant admitted that he possessed marijuana, fled from law enforcement officers, and was revealed to have been driving a car containing a magazine and cartridges, the defendant was lawfully arrested. The two searches incident to that arrest were lawful and there is no basis to suppress any evidence recovered from those searches. *See United States v. Powell*, 483 F.3d 836, 838–41 (D.C. Cir. 2007) (en banc).

### III. CONCLUSION

For the foregoing reasons, upon consideration of the defendant's Motion to Suppress, ECF No. 9, the memoranda submitted in support and opposition, the testimony presented at the suppression hearing, and the entire record in this matter, it is hereby

**ORDERED** that the defendant's motion is DENIED.

**SO ORDERED.**

Date: November 19, 2018

_____
BERYL A. HOWELL
Chief Judge